NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JESUS GUTICOLL, | **Hon. Faith S. Hochberg** |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 2:13-cv-04388 (FSH)(MAH) |
| VITAQUEST INTERNATIONAL, LLC, et al., | Date: April 17, 2014 |
| Defendants. | |

**FAITH S. HOCHBERG, U.S.D.J.:**

      This matter comes before the Court upon motion by Defendants VitaQuest International, LLC, Keith Frankel, Edwin Martinez, Nuno Guerreiro, Edgar Ruiz, and Claudette Carreno (collectively "Defendants") to dismiss Count One and Count Three (Mot. to Dismiss, September 16, 2013, ECF No. 7) of the Complaint filed by Plaintiff Jesus Guticoll ("Plaintiff" or "Guticoll") (Compl., July 19, 2013, ECF No. 1).  Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. Based on the following and for the reasons expressed herein, Defendants' motion to dismiss certain counts of Plaintiff's Complaint is **granted**.  The CEPA claim of Count One is **dismissed with prejudice** and Count Three of Plaintiff's Complaint is **dismissed without prejudice**.

**I.      BACKGROUND**

      On July 19, 2013, Plaintiff filed a Complaint against VitaQuest International, LLC ("VitaQuest"), his former employer, and a number VitaQuest employees.  (ECF No. 1). VitaQuest is a nutritional supplement manufacturer.  According to Plaintiff's Complaint, Defendant Keith Frankel ("Frankel") is the Chief Executive Officer of VitaQuest; Defendant

1

Edwin Martinez ("Martinez") was/is the General Maintenance Manager; Defendant Nuno Guerreiro ("Guerreiro") was/is the Assistant Supervisor; Defendant Edgar Ruiz ("Ruiz") was/is the Maintenance Manager; and Defendant Claudette Carreno ("Carreno") was/is a Line Leader at VitaQuest.  (Compl. ¶¶ 7-11).  Plaintiff asserts that he started working for VitaQuest on September 22, 2008 as a production technician/mechanic in the engineering department.  (Compl. ¶ 12).  Plaintiff claims that he was wrongfully terminated by VitaQuest in March 2012 after an incident that occurred between Plaintiff and Carreno.

According to Plaintiff, while he was attempting to repair a label machine, Carreno became "angry and verbally abusive."  (Compl. ¶ 29).  In response, Plaintiff claims "I asked her to stop harassing me and let me do my work in Spanish."  (Compl. ¶ 30).  Next, Plaintiff asserts that Carreno filed a complaint against him claiming that he used "vulgar and/or harassing language towards her."  (Compl. ¶ 41).  Plaintiff claims that his employment was then terminated based on an investigation arising from Carreno's complaint.  (Compl. ¶ 54).  Although he was told that an investigation was completed, Plaintiff asserts that he was never advised of the specific allegations of the accuser.  (Compl. ¶¶ 49, 53).  In addition, Plaintiff claims that he was never interviewed or questioned about the incident and neither were any of the other employees who witnessed the altercation.  (Compl. ¶¶ 50, 51).

Plaintiff's Complaint asserts the following causes of action: (Count One) Violation of Plaintiff's Civil Rights under Title VII of the Civil Rights Act and New Jersey's Conscientious Employee Protection Act, ("CEPA") N.J.S.A. 34:19-1 et seq.; (Count Two) Unlawful Retaliation under Common Law and N.J.S.A. 10:5-12(d)(e); (Count Three) Breach of the Implied Covenant of Good Faith and Fair Dealing; (Count Four) Intentional Infliction of Severe Emotional Distress; and (Count Five) Defamation Per Se against Claudette Carreno.  (Compl. ¶¶ 61-94).

On September 16, 2013, Defendants filed a motion to dismiss Count One and Count Three of the Complaint.  (ECF No. 7).  Defendants claim that Plaintiff's CEPA claim (Count One) fails as a matter of law because the Complaint was filed outside CEPA's one-year statute of limitations.  Defendants also argue that Plaintiff's claim for breach of the implied covenant of good faith and fair dealing (Count Three) necessarily fails because Plaintiff has not alleged the existence of a contract or agreement between him and the Defendants.  Plaintiff has not filed a response to Defendants' motion.

## II.    LEGAL STANDARD

In deciding a motion under Rule 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the  [Plaintiff]."  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008).  "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id. (internal citations omitted).  "[A court is] not bound to accept as true a legal conclusion couched as a factual allegation."  Papasan v. Allain, 478 U.S. 265, 286 (1986).  Instead, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level."  Twombly, 550 U.S. at 555.

A complaint will survive a motion to dismiss if it contains sufficient factual matter to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for

3

misconduct alleged." Id. "Determining whether the allegations in a complaint are 'plausible' is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Young v. Speziale, Civ. No. 07-03129, 2009 WL 3806296, at *3 (D.N.J. Nov. 10, 2009) (quoting Iqbal, 556 U.S. at 679). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown'–that the pleader is entitled to relief." Iqbal, 556 U.S. at 679.

### III. DISCUSSION

#### a. CEPA Claim (Count One)

In Count One of the Complaint, Plaintiff asserts that his civil rights were violated under both Title VII of the Civil Rights Act of 1964 and CEPA. CEPA claims are subject to a one-year statute of limitations. N.J.S.A. § 34:19-5; see also Barber v. Univ. of Medicine & Dentistry of New Jersey, 118 Fed. App'x 588, 592 (3d Cir. 2004) (barring CEPA claim filed beyond one year statute of limitations). The statute of limitations on a CEPA claim begins to run on the date of the employee's discharge. See Keelan v. Bell Commc'ns Research, 289 N.J. Super. 531, 540-41 (App. Div. 1996) (holding that statute of limitations on CEPA claims runs from the date of actual discharge); see also Normand v. Goodyear Tire & Rubber Co., Civ. No. 05-1880, 2005 WL 1657032, at *3 (D.N.J. July 13, 2005) (holding a wrongful termination claim, which accrued on the date of plaintiff's discharge, was barred by one year statute of limitations). Plaintiff was discharged from VitaQuest on March 15, 2012. (Compl. ¶¶ 48, 54). See also VitaQuest Notice of Employee Status Change for Jesus Guticoll, dated March 15, 2012 (S. Yagoda Cert., Ex. A, ECF No. 1). Plaintiff did not file the Complaint until July 19, 2013, more than a year after he was discharged. As Plaintiff's CEPA claim was filed after the one-year statute of limitations had run, it is time-barred and therefore **dismissed.**

### b.  Breach of Covenant of Good Faith and Fair Dealing (Count Three)

In Count Three of the Complaint, Plaintiff claims that Defendants breached the implied covenant of good faith and fair dealing.  However, Plaintiff does not clearly identify a specific underlying contract governing the terms of employment.  In the absence of such contract, there can be no breach of an implied covenant of good faith and fair dealing.  See Noye v. Hoffman LaRoche, Inc., 238 N.J. Super. 430, 434 (App. Div. 1990) ("In the absence of a contract, there can be no breach of an implied covenant of good faith and fair dealing."); Gil v. Related Mgmt. Co., Civ. No. 06-2174, 2006 WL 2358574 (D.N.J. Aug. 14, 2006) (dismissing breach of covenant of good faith and fair dealing claim when no contract exists).  Without pointing to a specific employment contract, Plaintiff has failed to state a claim upon which relief can be granted and Count Three is therefore **dismissed without prejudice**.  To the extent that Plaintiff can demonstrate the existence of an employment contract, Plaintiff is granted leave to amend Count Three of the Complaint.

### IV.   CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss certain counts of Plaintiff's Complaint is **granted.**  The CEPA claim of Count One is **dismissed with prejudice** and Count Three of Plaintiff's Complaint is **dismissed without prejudice**.   As to Count Three, Plaintiff is granted leave to amend the Complaint.  An appropriate Order accompanies this Opinion.

**SO ORDERED.**

  **/s/ Faith S. Hochberg**
Hon. Faith S. Hochberg, U.S.D.J.